JOHN McCARVEL v. C. A. WOOD and Others.[1]

April 30, 1897.

Nos. 10,426—(45).

Fraudulent Conveyance—Evidence.

> *Held*, the evidence is sufficient to support a finding that the property in question was transferred to plaintiff by the judgment debtor with intent to defraud the creditors of the latter; that what was done by the former, including the purchase of new goods, was done for the purpose of permitting the latter to continue his business for his own use and benefit in the name of the former; and the verdict is sustained by the evidence.

Appeal by plaintiff from an order of the district court for Jackson county, P. E. Brown, J., refusing a new trial after a verdict for defendants. Affirmed.

*M. E. Foley* and *E. H. Canfield*, for appellant.
*L. F. Lammers* and *T. J. Knox*, for respondents.

CANTY, J. Action for conversion of plaintiff's goods. The answers deny that the goods belonged to plaintiff, allege that they were the goods of one Berreau, and were levied on and taken by the defendant sheriff under certain judgments and executions issued to said sheriff thereon. On the trial, defendants had a verdict, and from an order denying a new trial plaintiff appeals.

It is urged by appellant that the verdict is not sustained by the evidence. We cannot so hold. Berreau was in the furniture and undertaking business. His undertaking goods were in the rear of his store,

1 Reported in 70 N. W. 871.

which was partitioned off from the front part, in which he kept his stock of furniture. He also had a workshop in the rear of the store, in which he worked at cabinet making and carpentering, in connection with his mercantile business. On September 24, 1895, he was served with summons in several actions brought against him by his creditors. Plaintiff claims that about 8 o'clock in the evening of the next day he and Berreau took an inventory of the stock of furniture in the front part of the store when no one else was present, and that he bought the goods of Berreau for $275, and the next morning gave his note to Berreau for that sum, due in 14 months after date, and took a bill of sale, which he then placed on file in the office of the village clerk. At this time Berreau was insolvent.

Up to this time plaintiff never had any experience in the furniture business, but was and had been for several years a section foreman on the railroad that ran through the village. Plaintiff, after the alleged purchase, continued in the service of the railway company as section foreman. Berreau's daughter and former clerk continued to be clerk in the store in the sale of furniture, while Berreau himself continued to work in his shop, to attend to his undertaking business, and to assist in unpacking and putting together new lots of furniture purchased in plaintiff's name, and placed in the front of the store for sale. On October 3, only six or seven days after the alleged purchase, Berreau sold or surrendered all of his undertaking goods to one of his creditors, who on the same day sold them to plaintiff. But Berreau still kept a key to the store, and continued thereafter, as he had done before, to run the undertaking business and work in his shop, put together and set up the new lots of furniture, and occasionally to make sales of furniture in the front part of the store to customers. This continued until January 17 following, when the levies in question were made by the sheriff. Plaintiff took no money out of the business, but, after paying the current expenses, invested the balance of the proceeds of sales in new goods. Plaintiff denied that he knew when he purchased of Berreau that the latter was heavily indebted or insolvent, but evidence was given tending to prove that at that time it was generally known in the village that Berreau was heavily indebted.

There is an air of unnaturalness about the manner in which plaintiff claims that he stepped in, without any ceremony, prior negotiation, or

conversation concerning such a sale, and purchased the stock, although he was wholly inexperienced in that line of business. True, we have only stated the main circumstances, most unfavorable to plaintiff, but we have stated enough to show that there was ample evidence to sustain a verdict for defendants. Plaintiff claims that he is entitled, at least, to recover for the goods which he himself bought to keep up the stock, and also the undertaking goods which he bought from Berreau's creditor as aforesaid, and that he is also entitled to recover damages for the detention by the sheriff from him of the building for several weeks after the levy, he having rented the building in his own name from the owner thereof after he had purchased from Berreau. It is a sufficient answer to say that he proved no separate ,or special damage for the detention by the sheriff of the building, and that the evidence warranted the jury in finding that all of his said transactions were merely colorable, and that what he did was for the purpose of permitting Berreau to continue his business for his own use and benefit, in plaintiff's name, and that Berreau did so continue the business.

This disposes of all the assignments of error argued by appellant, and the order appealed from is affirmed.